# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY MCDOWELL )<br>27 Franklin Circle )<br>Somerdale, NJ 08083 )<br>  )<br>    Plaintiff, )<br>  )<br>    v. )<br>  )<br>UNITED STATES ENVIRONMENTAL )<br>PROTECTION AGENCY )<br>1200 Pennsylvania Avenue, N.W. )<br>Washington, DC 20460 )<br>  )<br>    Defendant. ) | Civil Action # 14-2117<br><br>**COMPLAINT** |

## PRELIMINARY STATEMENTS

1. Plaintiff Gregory McDowell, represented by Public Employees for Environmental Responsibility ("PEER"), brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*., as amended, and the Privacy Act, 5 U.S.C. § 552a in order to compel the Environmental Protection Agency ("EPA" or "Defendant"), including its Office of Criminal Enforcement, Forensics, and Training and its Office of the Inspector General, to disclose records wrongfully withheld in regard to two different requests for agency records.

2. Plaintiff, an employee of Defendant's Criminal Investigation Division ("EPA/CID"), submitted his first request under FOIA on September 12, 2013; it was assigned tracking number EPA-HQ-2013-009896. The request sought the results, including supporting documents, of an EPA Inspector General investigation. Defendant's statutory production

period has long since expired and it failed to produce any records in response to Plaintiff's FOIA request.

3. Plaintiff submitted his second request on April 21, 2014 under FOIA and the Privacy Act; it was assigned tracking number EPA-HQ-2014-005778. The request related to a memo from the director of EPA/CID to Plaintiff in which the director referenced communications that he made to outside parties concerning Plaintiff. The agency submitted a response on May 30, 2014, which Plaintiff appealed on June 15, 2014. Defendant has failed to respond to Plaintiff's appeal.

4. Defendant's failure to provide any responsive documents and, in the case of the second request, failure to respond to Plaintiff's appeal is arbitrary and capricious and amounts to a denial of Plaintiff's FOIA and FOIA/Privacy Act requests.

5. Plaintiff exhausted his administrative remedies, and now seeks an order from this Court requiring Defendant to immediately produce the records sought in his FOIA and FOIA/Privacy Act requests as well as other appropriate relief.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

7. This Court is a proper venue because Defendant resides in the District of Columbia. *See* 28 U.S.C. § 1391(e)(1)(A) (where defendant is the government, a civil action may be brought in the district where defendant resides). Venue is also proper under 5 U.S.C. § 552(a)(4)(B) (FOIA), and 5 U.S.C. §552a(g) (the Privacy Act).

8. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

9. This Court has the authority to award costs and attorneys' fees under FOIA, 5 U.S.C. § 552(a)(4)(E), and the Privacy Act, 5 U.S.C. § 552a(g)(3)(B).

## PARTIES

10. Plaintiff Gregory McDowell, is a special agent ("SA") employed by EPA/CID, and has remained in that capacity for over sixteen years. He previously worked as a special agent with the U.S. Air Force. His total federal service time exceeds thirty years. SA McDowell has been highly decorated by both agencies for his professionalism, integrity, and hard work. He currently works for the EPA/CID in Philadelphia, PA and resides in New Jersey.

11. Plaintiff's representative, PEER, is a non-profit organization with tax-exempt status dedicated to serving employees of federal and state agencies. Part of PEER's mission is to defend and strengthen the legal rights of public employees who shed light on issues concerning natural resource management and environmental protection.

12. Defendant, EPA, is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

13. EPA's Office of Criminal Enforcement, Forensics, and Training ("OCEFT") investigates and assists in the prosecution of criminal conduct that threatens human health and the environment. OCEFT's Criminal Investigation Division, involved in the information requests at issue, enforces our nation's environmental laws as well as other federal law in accordance with the guidelines established by the Attorney General of the United States.

14. EPA's Office of the Inspector General ("OIG") is an independent office within EPA that perform audits, evaluations, and investigations of EPA and its contractors, to promote economy and efficiency and to prevent and detect fraud, waste, and abuse.

15. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA and the Privacy Act. Defendant has denied Plaintiff access to its records in contravention of federal law.

## FACTS

**Request #1: EPA OIG investigation results**

16. In or about 2010, Plaintiff provided a compelled affidavit in an Equal Employment Opportunity Commission ("EEOC") matter filed by another Special Agent. Subsequently, and as a result of the information Plaintiff provided in that affidavit, Defendant's supervisors, including some involved in that EEO matter, made false allegations about Plaintiff and placed Plaintiff on administrative leave that lasted for nearly two years. EPA later cleared Plaintiff of the false allegations.

17. During the period of administrative leave, Plaintiff filed a complaint with EPA's OIG and Office of Civil Rights as well as with EEOC and the Office of Special Counsel ("OSC") regarding his supervisors' false allegations about him. The EPA IG looked into the matter, but did not publish its findings. Plaintiff requested and was denied a copy of the investigation report.

18. On September 12, 2013, Plaintiff filed a FOIA request for the IG's report, including supporting materials, on the investigation of Plaintiff's allegations. Specifically, Plaintiff's request, sent via EPA's "FOIAonline" system, sought:

> All documentation, and any related media, pertaining to the EPA OIG investigation into allegations of corruption involving, but not limited to, various criminal, civil rights, and ethical violations involving, but not limited to, Randy Ashe, Jeff Martinez, Ed Goodwin, Carlos Rivera, and Tyler Amon. Please provide data on a CD where possible to limit and/or preclude any costs to the requester.

19. The agency acknowledged the request the same day via email and assigned it number EPA-HQ-2013-009896, with an estimated completion date of October 10, 2013.

20. Plaintiff repeatedly inquired about the status of his request. Mr. Kevin Berger, a special agent for EPA OIG, informed Plaintiff in September of 2013 and again in November of 2013 that his request was being processed as quickly as possible, but Plaintiff received nothing further.

21. Plaintiff again contacted EPA regarding his request in October of 2014 and was directed to Mr. Scott Levine, Associate Counsel and OIG FOIA Officer. Mr. Levine informed Plaintiff via email on October 21, 2014 that his request was "in our queue and it is next to be processed" and that a response would arrive shortly.

22. As of December 15, 2014, Defendant has failed to provide any responsive materials.

23. Congress mandated that agencies respond to FOIA requests within 20 working days. 5 U.S.C. 552(a)(6)(i); see also 40 C.F.R. § 2.104(a). Over fifteen months have passed since Plaintiff submitted his FOIA request to Defendant, with no response.

24. Because administrative remedies under FOIA are deemed exhausted whenever an agency fails to comply with the applicable time limits, 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff has constructively exhausted all administrative remedies.

25. Plaintiff now turns to this Court to enforce FOIA's remedies and its guarantee of public access to agency records.

**Request #2: Doug Parker Memo**

26. On December 18, 2013, without yet having responded to Plaintiff's FOIA request for the IG investigation report and supporting materials (supra), Defendant entered into a written agreement ("the Agreement") with Plaintiff in which Defendant agreed, among other things, to expunge the record of the false allegations made against Plaintiff in return for Plaintiff

withdrawing, with prejudice, all complaints, appeals, grievances, claims, or civil actions he brought against Defendant, including his complaints to the EEO, OSC, and EPA's Office of Civil Rights. The Agreement provided that Plaintiff could seek enforcement of the agreement, or – alternatively – reinstatement of his complaints, if he believes that EPA has not complied with the Agreement's terms.

27. On April 9, 2014, Defendant's Director of Criminal Investigations, Doug Parker, advised Plaintiff in writing that in February of 2014, he communicated with the Offices of the U.S. Attorneys for the five judicial districts in which Plaintiff was then working regarding Plaintiff's "past conduct." Plaintiff believes that Mr. Parker communicated allegations that should have been expunged under the Agreement. Mr. Parker's contact with the Offices of the U.S. Attorney significantly hindered Plaintiff's ability to work as an investigator in those districts, effectively denying him the ability to do productive work for months.

28. Plaintiff asked for and was denied copies of the communications Mr. Parker had with the United States Attorneys. These are necessary for Plaintiff to determine whether EPA complied with the Agreement and whether Mr. Parker engaged in misconduct.

29. On April 21, 2014, Plaintiff filed a request under both FOIA and the Privacy Act for a copy of the communications that Mr. Parker had with the Offices of the U.S. Attorney. Specifically, Plaintiff's request, sent via EPA's "FOIA online" system sought:

> all materials in any form in any way related to Doug Parker's memo to Gregory McDowell dated on or about April 9, 2014. In relation to the same memo, include all materials in any form provided to all U.S. DOJ entities listed in the memo. For ease of location, these material [sic] will most likely be found in U.S. EPA CID and OCEFT.

30. The agency acknowledged the request the same day via email and assigned it number EPA-HQ-2014-005778, with an estimated date of completion of June 4, 2014.

31. On May 30, 2014, Defendant sent a message indicating that it would release no records.  The message lists records that Defendant declined to transmit as it assumed they were already in Plaintiff's possession (two memoranda addressed to Plaintiff and three letters to an EPA employee drafted by Plaintiff's former attorney).  The letter also states that EPA withheld an unspecified number of other responsive documents under Exemption 5 (inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency, 5 U.S.C. 552(b)(5)), and Exemption 6 (information about individuals in personnel and similar files when disclosure of such information would constitute a clearly unwarranted invasion of personal privacy).  Thomas Seaton, Acting Director of the Legal Counsel Division of OCEFT, signed the response for Defendant.

32. On June 15, 2014, Plaintiff appealed this response via email, reiterating his request to know what EPA provided to the U.S. Attorney offices.

33. Although in July and August of 2014 Plaintiff inquired about the status of his appeal, as of December 15, 2014, Defendant has provided no further communication regarding the appeal.

34. Congress mandated that agencies respond to FOIA appeals within 20 working days.  *See* 5 U.S.C. § 552(a)(6)(ii); see also 40 C.F.R. § 2.104(a).  Plaintiff filed his FOIA appeal roughly six months ago, with no response from Defendant.

35. Congress, through the Privacy Act, required agencies to allow an individual, upon request, to gain access to records or information pertaining to him on the agency's system; permit the individual to request amendment of a disputed record; and respond to amendment requests within 10 working days.  5 U.S.C. § 552a(d)(2).  EPA's regulations promulgated under the Privacy Act require a response to a record request within 20 working days.  40 C.F.R. § 16.6(a) – (b).

36. Plaintiff filed his request roughly one year ago and to date has not been granted access to the records pertaining to him which he sought.

## CAUSES OF ACTION

### Violation of the Freedom of Information Act

37. Plaintiff incorporates the allegations in paragraphs 1 through 36.

38. Defendant's failure to disclose the records that Plaintiff requested under FOIA on September 12, 2013 (Request No. EPA-HQ-2013-009896) within the twenty day time frame mandated by 5 U.S.C. 552(a)(6)(i) is a constructive denial and wrongful withholding of records in violation of FOIA, 5 U.S.C. § 552 *et seq.*, and the Agency's own regulations promulgated thereunder, 40 C.F.R. § 2.100 *et seq*.

39. Defendant's failure to respond to the FOIA appeal that Plaintiff sent on April 21, 2014 (regarding Request No. EPA-HQ-2014-005778) within the twenty day time frame mandated by 5 U.S.C. § 552(a)(6)(ii) violates FOIA, 5 U.S.C. § 552 *et seq.*, and the Defendant's own regulations promulgated thereunder, 40 C.F.R. § 2.100 *et seq*.

### Violation of the Privacy Act

40. Defendant's failure to disclose the records that Plaintiff requested under the Privacy Act on April 21, 2014 (Request No. EPA-HQ-2014-005778) as required by 5 U.S.C. § 552a(d)(1) violates the Privacy Act, 5 U.S.C. § 552a *et seq.* and Defendant's own regulations promulgated thereunder, 40 C.F.R. § 16.1 *et seq*.

### Relief Requested

WHEREFORE, Plaintiff respectfully requests that this Court:

i. Enter an order declaring that Defendant has wrongfully withheld the requested agency records in violation of FOIA and the Privacy Act;

ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld records;

iii. Maintain jurisdiction over this action until Defendant is in compliance with FOIA, the Privacy Act, the Administrative Procedure Act, and every order of this Court;

iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Dated:  December 15, 2014

Respectfully submitted,

\_/s/_____
Paula Dinerstein, DC Bar # 333971
Public Employees for Environmental Responsibility,
2000 P Street, NW Suite 240
Washington, D.C. 20036
(202) 265-7337
*Attorney for Plaintiff*